Good morning, Your Honor. Kevin Griffith for Plaintiff's and Appellant's, Victor and Bolin Balderas. As the Court knows, this is an appeal of a rolling-eye motion under 12b-6, specifically dealing with the Truth in Lending Act, 15 U.S.C. 1630. The crux of the issue here is the right to rescind under 1635, and specifically the rebuttable presumption created by signing an acknowledgment of receipt of disclosures under subsection c. In this case, the District Court clearly acknowledged that the disclosures that the plaintiffs received, which were attached as Exhibits 8 and 9 of the first submitted complaint, were incomplete. This Court in 1986 recognized that the incomplete disclosures were a violation of the Truth in Lending Act and triggered the three-year statutory period rather than the three-day statutory period. There wasn't anything in the complaint that I saw that explained why Exhibit 14, the completed notice of right to cancel, why that didn't make their allegations that they didn't get an appropriate notice not plausible for purposes of 12b-6. Well, the issue was – well, Exhibits 8 and 9, as the complaint explains, were the ones that were actually left with Mr. and Mrs. Balderas. But it didn't say – is there something in the complaint that explains Exhibit 14 and why the Court was wrong to say, look, I've got this signed initial notice of right to cancel? Yes, I believe the complaint explains that this was the response, the untimely response, by the lenders to the rescission demand post-litigation. But it doesn't say it was forged. I mean, it's got a date on it. It's signed by your clients. And so I can understand why the district court said they had the appropriate notice, or at least they don't explain why that shouldn't be considered. What language specifically do you think the court should have looked at? I believe the court should have looked at where Exhibits 8 and 9 were identified, which explain that those were the disclosures that were actually left. But that doesn't mean that Exhibit 14 wasn't actually left. Certainly they could have both been left. Exhibit 14 was the one that was signed and returned to the lender. Does it say that in the complaint, though? I believe in the letter that the defendant sent that constitutes Exhibit 14 that it specifically states that this is the copy that they have in their file. So you didn't raise an argument asking to amend the complaint, because if you had a rebuttal for why Exhibit 14, Notice of Right to Cancel, didn't count, or the court shouldn't have considered that, why didn't you seek leave to amend and revise the complaint to add those allegations? Before the district court? Well, there were no oral arguments before the district court, so plaintiffs were blindsided by the district court's decision. We believe that the complaint clearly laid a plausible theory as to a violation under 1635. Taking the exhibits and the pleadings as a whole, read most favorably for the plaintiffs, I believe that the allegations are clearly in line with precedent and with the statutory scheme. Is the paragraphs 58 and 62 of the complaint that you're relying upon, in essence, to rebut Exhibit 14? Because First Claim for Relief on pages 12 and 13 of the complaint, are the ones that plead the federal cause of action. So is it those paragraphs, or which ones are you relying upon? Yes, Your Honor, I believe so. And unfortunately, I don't have a copy of the complaint with me, but I believe those are the paragraphs where, yeah, I believe it was in the 50, in those paragraphs in the 52 through 58. You know, I'm still having trouble understanding the paper flow, and maybe just walk me through it step by step. If I understand your position correctly, the Exhibits 8 and 9 was what Countrywide sent your clients? Correct. And then Exhibit 14? Yes. Looks like the same form, but with the blanks filled in. Correct. Okay, so it is your contention, I'm not sure whether it's reflected in the complaint, but just your position is that this piece of paper, Exhibit 14, was what was originally Exhibit 8 and 9, and the numbers in pen were filled in by your clients? I believe that they were. I'm seeing your theory. I'm really not asking for facts in that. I'm trying to just understand the theory. Our understanding is that those were filled in most likely by Mr. Kazikoff, the mortgage broker, at the closing, or when the documents were signed in September of 2006. So your clients get the blanks. Correct. Then at the closing, the numbers are filled in, and then I see the initials next to them. Those are your clients' initials? I believe so, yes. BB and VB? Yes. Okay. And then that is returned to Countrywide, which is what they have in their files. Correct. And why isn't the fact that they were filled in at the closing, which is your theory, why isn't that good enough? Because the documents that were actually left with the clients, the actual disclosures, were incomplete. In one instance, we have Countrywide having a document that is signed that says X, Y, and Z. When you speak in the passive, I have no idea what you're talking about. Things don't just get left. A human being does it. Sure. So last we talked about situations, you had Mr. Kazikoff sitting down at a table with your clients. He fills in some numbers. They sign the form and initial the numbers, right? Correct. Okay. Not using the passive. What happens next? The document that is signed is given back to Mr. Kazikoff. No, that's a passive. Okay. The documents that my clients signed. The documents that my clients signed are given back to Mr. Kazikoff. They give them back to Mr. Kazikoff. Mr. Kazikoff leaves them the two copies that are incomplete. So he doesn't make a photocopy of the thing they signed? No. He leaves, and had he left a photocopy of what they signed, that would have been okay? Had he left a photocopy of what was signed? Had Countrywide... That's not what I asked. I'm sorry. Just ask. Yes, if he would have left a photocopy of the document... What is magic about the leaving? I mean, they did see the documents. They saw the numbers. They were filled in. What is the magic about having the document left? Because, as this court recognized back in 1986, the failure to include the date that the three-day period expires is a material violation of the truth in lending. But it wasn't left out. They saw it. He filled it out according to your scenario. They signed it. They saw the form at the time they signed the documents with the numbers filled in. So I'm just trying to understand your theory. So why would leaving them a photocopy of the form with the numbers filled in be okay, whereas leaving them a blank, not okay? Because in one instance you have a document that says X, Y, and Z, and in the other instance you have a document that says X, blank, and Z. I understand the difference between the two documents. That's not my question. My question is why is – let's say he left nothing. That would be a material prima facie violation of the Truth in Lending Act. Why? Because the disclosures were not made. So the statute says the delivery. So are you saying that in order for there to be delivery, a completed copy has to be left? Yes. Is there any case that supports that? Or are you asking us if we reach that to find that in the first instance? Sure. I do not believe that there is any case specifically on point that specifically addresses that issue. I do know that there has been several cases that have addressed the general principle that the disclosures must be made.  But the disclosure was made because the thing was filled in, they got the dates, they signed it initially, it was made. The question is whether the document had to stay with them in order to meet the statutory requirement. And there's no case on point that you're aware of. Not that I'm aware of. Does the statute or any regulations require that the document that is left actually has to reflect the dates? Yes, Section 1635, 15 U.S.C. Section 1635, as well as Regulation Z. And I'm unfortunately blanking at the moment on the regulation sections. But they specifically explain that the disclosures, what has to be included in the disclosures that are delivered. But it's the word delivered that we don't have an interpretation of. Is there anything in the regulations that gives a definition of deliver that helps you? I'm not entirely sure, Your Honor, unfortunately. If the Court has no further questions, I'd reserve the balance of my time. Well, you've got negative two minutes almost. I'm sorry, I saw the clock, I thought it was so winding. Thank you, Your Honor. We'll see how it's going. Okay, we'll get from the other side. Good morning, Your Honors. Paula Zuchini on behalf of Countrywide Bank, and I'm accompanied by my colleague, Aaron McCowan. At the first instant, I think it's important to note that the only issue on appeal is whether the plaintiffs below, appellants now, stated a claim for relief. There was no briefing on appeal regarding any denial of leave to amend, nor was leave to amend requested in the trial court. And at this point, whether appellants stated a claim, looking at, as the district court did, the allegation that plaintiffs were left with these two unsigned notices of right to cancel, and then looking at the signed, executed, initial, Exhibit 14 notice of right to cancel, the executed notice, because it is an exhibit attached to the complaint, trumps that inconsistent allegation in the complaint. Is that a term of art, trumps? It's from some case law before this court, Your Honor. Really? What case law? These are two different pieces of evidence. I don't understand how one piece of evidence can trump another piece of evidence. Isn't that what we have juries for? They decide what trumps. Your Honor, I understand. At this point in the pleading stage, there's an allegation in the complaint. The allegation is that we didn't receive these documents. Attached to that complaint is an exhibit signed, stating and demonstrating that documents were received. No, they demonstrated the documents were signed. You go to the supermarket, and you swipe your card, and then they have that little pad there where you have to sign using one of those electric pens. Well, you sign it, you see it, but you don't receive it. I can't take the pen with me. So the fact that you sign a document is not the same as receiving a document. Understood, Your Honor, except that in that Exhibit 14, the Notice of Right to Cancel, there is a statement right above where the borrowers would sign that says, the undersigned each acknowledge receipt of two copies of Notice of Right to Cancel and one copy of the Federal Truth in Lending Disclosure Statement. Well, that's just a boilerplate. But nonetheless, the complaint says that no time prior to Paragraph 58, prior to plaintiff's execution of loan documents, did they provide them with the initial disclosure statements required by Truth in Lending and cite the statute. And then over in Paragraph 62, it says the Notice of Right to Cancel prepared by defendants to provide to defendants did not include the date of the transactions, nor did they include the last day to rescind the loans. And that's the pleading. And so it's one thing, you know, at summary judgment level or something, but it's another thing at the 12B level, because those pleadings doesn't seem to me, as you put it, get trumped necessarily by Exhibit 14. Well, Your Honor, at the very least, the existence of Exhibit 14, as attached to the complaint, contradicts the allegation that was in Plainstamp Lane. At the very least, you have an inconsistent allegation. And the submission has an exhibit. I'm sorry. I don't see it. What are the two things that are inconsistent with each other? The plaintiffs state that they never received the Notices of Right to Cancel. Excuse me. Let me state that accurately. They state that the only documents that were left with them were Exhibits 8 and 9, which is? The blanks. The blanks, correct. Which were also dated September 21, 2006. Now, the Notice of Right to Cancel of Exhibit 14, signed and dated September 25, 2006, was found by the district court to demonstrate that, one, not only You know, you were going to tell me two things that are inconsistent with each other, and you've now gotten sidetracked into something else. So can I get you back to? Yes, Your Honor. I'm not telling you what the district court did. You said, at the very least, these two things are inconsistent. Okay? Tell me Thing 1. When you're done with Thing 1, tell me Thing 2. And let's compare and see if they're inconsistent. Yes, Your Honor. Okay, Thing 1. Thing 1 is the plaintiff's statement that the only documents they were left with were the Exhibits 8 and 9. Thing 1. Thing 1. Thing 2 is the Notice of Right to Cancel attached at Exhibit 14, stating that they each of the undersigned, and they signed, acknowledged receipt of two copies of the Notice of Right to Cancel and one copy of the Federal Truth in Lending Act. Okay. How are the two things inconsistent? The first says that they were only left with a blank Notice of Right to Cancel. They were never advised of dates, et cetera. The second is that there is a signed document demonstrating the dates by which they needed to rescind, demonstrating that they received the document. It didn't say that. It just said that we got the notice. It doesn't say anything there about I got the notice with all the numbers filled in. Are you referring to Paragraph 38 here, where it says defendants failed to provide plaintiffs with a properly prepared Notice of Right to Cancel? Correct, Your Honor. And so the argument would be that they're alleging that they were never provided with a properly prepared Notice of Right to Cancel. There is attached to the complaint a properly prepared Notice of Right to Cancel that they signed, and so they at least signed it, and then we interpret what does provide mean. But your position is that that cast doubt on that statement. Correct, Your Honor. Is that correct? Correct, because Exhibit 14 demonstrates face-on signature. Well, cast doubt is quite different from inconsistent. You know, one thing may, in fact, make another thing less likely, but inconsistent means the two things can't exist in the same universe, right? Correct, Your Honor. I think it's sort of like Sartelian logic, and I don't see where that is the case. I think at this point we get back to the fact that the submission of a signed Notice of Right to Cancel under TILA creates rebuttal. Their position is, look, the guy shows up at the closing. We got a bunch of blank documents in the mail ahead of time, so there were no numbers in it. At the signing, the guy fills in the numbers, we sign them, and when he leaves, he leaves us the blank documents. So if we want to take advantage of a three-day period, we have no idea how to do it because we didn't have anything to tell us when the three days start and end. I don't see anything in what they provided that's inconsistent or reconcilable or makes that story implausible. I mean, I find it somewhat implausible that the guy would have made a photocopy, but maybe, where was this done? This was done at their home, at their office? I believe the allegation is at the plaintiff's home, Your Honor. Well, a lot of people don't have photocopies at home, so maybe he didn't, it seems perfectly plausible that he wouldn't have had a photocopy with their numbers and their signature to leave them. Your Honor, I think There are still homes without photocopies, believe it or not. Now, homes without iPhones and stuff like that. I think the larger issue is that, at the very least, this creates two inconsistent factual allegations. You can use the word inconsistent. That's a problem. If you had two inconsistent factual allegations and you got a 12-B ruling, that knocks it out right there. At the end of the day, the existence of a signed document that shows, signed by plaintiffs, they don't dispute they received it, they don't dispute Let me ask you a legal question, just so I understand your position. Let's say things are as I understand plaintiffs now to be alleging them. And let's not worry about the question of whether they in fact probably alleged in the complaint. But let's say things happen as they say. They got sent blank forms. The guy shows up at their home, fills out their numbers, and takes them away with him and leaves them blank forms. Does that comply with the Truth in Lending Act? I believe it does, Your Honor. I'm not aware of a provision within the Truth in Lending Act that requires the actual disclosures that are left to be the exact copy. How are they supposed to know? I mean, these numbers are there for a reason. Because it tells them starting with this date, you've got three days to cool off, right? Correct. And how are they supposed to remember when the three-day period starts, whether it starts from the day that they got the forms in the mail? How are they supposed to know if the notice isn't left to them? They're supposed to remember? Presumably, Your Honor, to the extent they had blank copies with them at the time, one would generally fill that in on their own copy that was being retained. That's not their duty, is it? I don't know if it's their duty or not. I think it might be good practice. What about if you don't read English to boot? Their duty under TILA, no, I don't believe so. But also I don't believe there is a duty under TILA to ensure that the exact document left. Let me ask you another question, just so we're all on the same page. I understand your position is that doing what they claim is consistent with the Truth in Lending Act. But if we disagree with you on that, then you lose, right? If we think, if we sort of look at the regulations and we decide, no, you really do have to leave them behind a written notice with the numbers filled in, that's what the Truth in Lending Act requires. I understand that's not the country-wide position, but you can see where reasonable minds might come to a different conclusion. Then you lose, right? We need to send the case back. To the extent plaintiffs have specifically alleged... Why don't you start with a yes or no, because you should know whether you lose or not. No, I don't believe so. Okay, explain to me why you wouldn't. To the extent that there is... Plaintiff's allegation is that they never received properly prepared notices of right to cancel. Never received them at all. Question, query, what is received. But at the end of the day, they're saying that they never received a properly prepared document. They signed a document that was sensibly properly prepared, had the filled in dates. There is not, to my knowledge in this complaint, an allegation that they received, saw it, and then never wrote it down or never had the actual document or the dates. Okay, so what? If they had alleged that they were never left with the documents, that's not the allegation. They never received a document that apparently exists and was then attached to Exhibit 14. They never received it. If they allege then instead that they were never left with it, they'd never seen it... Let's say you go into a restaurant and you order some food, and a waiter comes by and puts a plate of food in front of you, and before you can eat it, takes it away. Would you say you've received the food? For a brief amount of time, Your Honor, yes. I have received that food. I say not in the sense that we go to restaurants to receive food. And I think that when... I think just having something put in front of you, if lenders could get away with just putting things in front of you and pulling it away, I think much of the Truth in Lending Act, and that would be deemed deceived, I think much of the Truth in Lending Act would be made a novelty. And I think... Well, here it is. Okay. Well, and in the same vein, to the extent that borrowers can sign documents and then say in complaints that they never received the prepared document, that we have a copy attached to the complaint, and then have that allegation be sufficient alone to rebut the presumption created by the document that was attached to the complaint, I think that would also be a policy issue. Not a hard one. I don't see why it's a terribly hard policy issue. I mean, you're talking IGWAL, right? You're talking IGWAL and plausibility. But this sounds perfectly plausible. What happened here sounds perfectly plausible. Because we know there are blank forms that they have. So we know at some point countrywide sent them forms that were blank, which is a really stupid thing for a lender to do, to send out forms that on their face don't contain the required information. I believe that's actually obligated under the statute, Your Honor, in advance. The blank forms? Correct, Your Honor. So the borrowers can review the forms in advance of the closing. Okay, so they can read the form in advance. Correct, Your Honor. But without the dates filled in? Correct, Your Honor, because the dates filled in are based on, as you can see on Exhibit 14, the date of the transaction. And oftentimes documents are sent to them. You can send them out anticipating when the signature will be. No, I understand why they would do that. But then it seems to me you'd be extra careful, wouldn't you, to make sure that they get left a copy that has the correct dates in it. If at the closing the documents then were properly filled out or given to the plaintiff, wouldn't there be some sort of recordation of that? Your Honor, in general, the recordation is the signature on what we have as Exhibit 14. That's the recordation that's used and then submitted back, in this case, from the broker to the lender. And that's what the lender then relies on to understand that, yes, they received the notices of right to cancel per statute, and, yes, they received one copy of the Federal Truth in Lending Disclosure Statement. I just had a bunch of papers with refinancing, and as I recall the person came to our house and had two sets of documents completely filled out. And we actually signed both sets and kept one and gave it to them. Isn't that the practice, to have a second set of completely filled out documents right there to sign? Your Honor, in looking back through the complaint, my recollection is there is no allegation based on whether or not the loan documents that were in fact signed on the 25th were or were not left. What plaintiff has attached to the complaint as Exhibits A and B is the documents that were mailed to them in advance, as alleged, documents that were mailed in them to advance and left with them. There is no allegation one way or another regarding whether they received, and I believe it's a, if the Court will indulge me for a brief moment. I don't believe there is an allegation regarding whether the documents that were signed were left at that date, one way or the other, whether they were or weren't. There is, in fact, no discussion about their execution of Exhibit 14, nor has there been in the lower court at all. It has just been a really failure to acknowledge or even ignore the existence of that document. Well, except there is paragraph 38. Defendants failed to provide plaintiffs with a properly prepared notice of right to counsel. So, I'm sorry, right to counsel, not counsel. So that's what they say. And if we say that provide means actually leave it with them, that just pivots on the question of what the word provide means, right? Correct, Your Honor. And whether the fact that they then had the Exhibit 14 at some point signed would be sufficient to overweigh the allegation that they've made in the complaint. How should you be weighing that at a 12-B, though? Your Honor, based on the case law that I've noted in the federal court, it is that the allegations in a complaint taken in the light and most favor of the plaintiff, but when there is an exhibit that either somehow contradicts or is inconsistent with the allegation, that that exhibit and whatever factual allegations that exhibit now essentially adds into the complaint, it must be read together. And when you can't read the two together and have a plausible claim, at that point the plaintiff has failed to save the claim. So that means, for instance, that a credit card company would win every time on a 12-B where you had an allegation that this or that happened, but nonetheless they've got all that stuff they sent out, and when they show the stuff that would overcome any presumption with regard to anything else that would have been pled. Your Honor, no, I don't believe so, because while in general a party has to be held to their signature on a document, a contract, as here, a notice of right to cancel, there are allegations that you can plead to overcome that presumption. Not made here. You signed it under duress. There was somehow some kind of fraudulence. We allege that. That's all alleged. No, I don't believe so, Your Honor. Not with regard to the notice of right to cancel. They allege it in their brief. Do they allege it in the complaint? They say that he came over to their house and wouldn't leave until they had signed in the brief. Do they allege that in the complaint? I believe there is an allegation as to that. Paragraphs 18 and 19, for example, defendants Kazakoff and Korall refused to leave plaintiffs' homes, asserting per Countrywide Express instructions they would not leave until the loan documents were signed. After about six hours of attempting to reach their daughters and so on. I guess that alleges duress, doesn't it? One could read it that way. How else could one read it? I believe that the issue here is, although there's been... You're not going to answer my question. How else could one read it? Yeah, you said you could read it that way. I could read it another way. How else could you read it? I mean... He was just there for tea? Six hours might be long for tea, Your Honor, but... After midnight also. Are they Russian? You know, Russians like a lot of tea. We don't know what time zone it was. No, but... Although... I wouldn't leave that to the level of duress, but at the end of the day, the fact is that there is no allegation specifically related to their signing of this document. Well, let's read on then. Over the course of the evening, the defendant, Kazakov, engaged in a series of actions designed to intimidate, harass, and pressure plaintiffs into signing the loan documents without an understanding of the terms therein. Next paragraph. Refusing to leave and... I mean, it goes on and on. I mean, you can't say that that's not an allegation of duress. What does it take? It's a military sign. They don't argue, though. I don't think they argue that the right to cancel was invalid because of that. Is that...? That's correct. And in fact, I mean, if you read the allegation, they were pressured to sign the loan documents without necessarily understanding the terms therein. That's different than whether they actually signed and received it. It's a prepared document. At the end of the day, they don't allege enough to get around the presumption that they received, signed. They have this prepared document. They have the dates provided to them on the day of closing. They knew. They had three days. They knew this information. They saw... Well, the presumption cases that you're talking about, that you cited, and I'm aware of, they don't, at the same time, have the level of duress that at least I think is alleged in the complaint, do they? To the extent we're referring to paragraphs 18 and 19 as duress, I do not believe that they have those allegations contained in them. Okay. Thank you. Thank you, Your Honor. You owe me a time. You really must have it. I'm going to give you a minute for a bottle, but... I... It's always the wise choice. Thank you. Case is argued. Thank you, Mr. President.
judges: Piersol, Kozinski, Ikuta